**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARK ADAMS, et al. | |
| *Plaintiffs*, | |
| vs. | Case No. 1:17-CV-08544-MFK |
| BRG SPORTS, INC., et al. | |
| *Defendants*. | |
| FREDDIE ADAMS, et al. | |
| *Plaintiffs*, | |
| vs. | Case No. 1:17-CV-08972-MFK |
| BRG SPORTS, INC., et al. | |
| *Defendants*. | |
| QUINCY BAKER, et al. | |
| *Plaintiffs*, | |
| vs. | Case No. 1:18-CV-00129-MFK |
| BRG SPORTS, INC., et al. | |
| *Defendants*. | |
| JEFFREY JONES, et al. | |
| *Plaintiffs*, | |
| vs. | Case No. 1:18-CV-07250-MFK |
| BRG SPORTS, INC., | |
| *Defendant*. | |

## CASE MANAGEMENT ORDER No. 3

The Court hereby issues the following Case Management Order Number 3, which modifies the schedule previously set by the Court in Case Management Order Number 2, to govern pre-trial proceedings in the following cases: *Mark Adams, et al. v. BRG Sports, Inc., et al*. (Case No. 1:17-cv-08544); *Freddie Adams, et al. v. BRG Sports, Inc., et al*. (Case No. 1:17-cv-08972); and *Quincy Baker, et al. v. BRG Sports, Inc., et al*. (Case No. 1:18-cv-00129), and *Jeffrey Jones, et al. v. BRG Sports, Inc*. (Case No. 1:18-cv-07250) (the "*Jones* Case").

This Case Management Order further designates the *Jones* Case as a coordinated pretrial proceeding with the other above-captioned cases for pre-trial purposes in accordance with the Court's Internal Operating Procedure 13(e).

## I.      APPLICATION OF PRIOR CASE MANAGEMENT ORDERS.

As the Court previously noted in Case Management Order No. 1, the *Jones* Case was filed later than the other cases listed above and was originally styled as a class action, thus necessitating the entry of separate case management and scheduling orders. *Mark Adams*, No. 1:17-cv-08544, dkt. 205, at 1 n.2. However, the *Jones* Case is no longer proceeding as a class action. As such, per the Parties' agreement and the terms of this Order, the cases of the Plaintiffs in the *Jones* Case are to be consolidated under the original Case Management Orders Nos. 1 and 2 entered in these cases. Thus, the terms of the previously-entered Case Management Orders Nos. 1 and 2 shall now be fully applicable to each individual Plaintiff in the *Jones* case, other than as to any deadlines set by those Orders that are separately addressed below.

## II.      PRE-TRIAL SCHEDULE.

Given the Parties' agreements and stipulations regarding discovery and trial schedule, and the incorporation of the *Jones* Case into the above-captioned matters for pre-trial purposes, the Court modifies the following deadlines previously set in Case Management Order No. 2.

*Mark Adams*, No. 1:17-cv-08544, dkt. 258. All other deadlines in Case Management Orders No. 1 and 2 otherwise remain the same:

> *Jones* Case Only:

> - Plaintiff Fact Sheet and Authorizations deadline for the *Jones* Plaintiffs:      November 20, 2019

> - Defendant Fact Sheet deadline for the Plaintiffs in the *Jones* Case:      December 16, 2019

> - Deadline for Plaintiffs to provide available helmets and photographs of helmets for inspection for the Plaintiffs in the *Jones* Case:      December 16, 2019

Bellwether Cases Only:

- Deadline for Rule 26(a)(2) disclosures by Party with burden of proof on the issue of general causation:      January 7, 2020

- Deadline for Rule 26(a)(2) rebuttal disclosures (i.e., for Party that does not have burden of proof) on the issue of general causation:      February 14, 2020

- Deadline for Defendants to request IMEs of Plaintiffs:      March 1, 2020

- Deadline for completing all fact discovery, including medical fact discovery:      March 19, 2020

- Deadline for deposing general causation experts:      March 24, 2020

- Deadline for Rule 26(a)(2) disclosures by Party with burden of proof on issue other than general causation (i.e., case-specific experts):      April 24, 2020

- Deadline for Rule 26(a)(2) rebuttal disclosures on issues other than general causation (i.e., case-specific experts):      May 28, 2020

- Deadline for completing case-specific (non-general causation) expert depositions:      July 10, 2020

- Deadline for filing dispositive and *Daubert* Motions:      August 10, 2020

Date: _Sept. 2, 2019_

_____
MATTHEW F. KENNELLY
United States District Judge

Agreed as to Form and Entry:


 _/s/ Vincent P. Circelli_
George Parker Young
gpy@cwylaw.com
Vincent P. Circelli
vinny@cwylaw.com
Kelli Walter
kelli@cwylaw.com
CIRCELLI WALTER & YOUNG, PLLC
500 E. 4th Street, Suite 250
Fort Worth, Texas 76102
Tel: (817) 697-4942
_Admitted Pro Hac Vice_

Jay Edelson
jedelson@edelson.com
Benjamin H. Richman
brichman@edelson.com
Daniel J. Schneider
dschneider@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: (312) 589-6370
Fax: (312) 589-6378

Rafey S. Balabanian
rbalabanian@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: (415) 212-9300

_/s/ David J. Duke_____

David J. Duke
david.duke@bowmanandbrooke.com
Damon Brinson
damon.brinson@bowmanandbrooke.com
BOWMAN AND BROOKE LLP
2901 Via Fortuna, Suite 500
Austin, Texas 78746
Telephone: 512.874.3800
Facsimile: 512.874.3801
*Admitted Pro Hac Vice*

Paul G. Cereghini
paul.cereghini@bowmanandbrooke.com
BOWMAN AND BROOKE LLP
2901 N. Central Avenue, Suite 1600
Phoenix, AZ 85012
Telephone: 602.643.2300
Facsimile: 602.248.0947
*Admitted Pro Hac Vice*

Robert L. Wise
rob.wise@bowmanandbrooke.com
Eden M. Darrell
eden.darrell@bowmanandbrooke.com
BOWMAN AND BROOKE LLP
901 East Byrd Street, Suite 1650
Richmond, VA 23219
Telephone: 804.649.8200
Facsimile: 804.649.1762
*Admitted Pro Hac Vice*

**Counsel for Defendants**