IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK ADAMS, et al.<br>*Plaintiffs*,<br>vs.<br>BRG SPORTS, INC, et al.<br>*Defendants*. | Case No. 1:17-cv-08544-MFK |
| FREDDIE ADAMS, et al.<br>*Plaintiffs*,<br>vs.<br>BRG SPORTS, INC, et al.<br>*Defendants*. | Case No. 1:17-cv-08972-MFK |
| QUINCY BAKER, et al.<br>*Plaintiffs*,<br>vs.<br>BRG SPORTS, INC, et al.<br>*Defendants*. | Case No. 1:18-cv-00129-MFK |
| JEFFREY JONES, et al.<br>*Plaintiffs*,<br>vs.<br>BRG SPORTS, INC,<br>*Defendant*. | Case No. 1:18-cv-07250-MFK |

**AGREED CONFIDENTIALITY ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS AND MATERIALS**

WHEREAS, Plaintiffs, by and through their attorneys, have requested Defendants Riddell, Inc. and BRG Sports, Inc. (collectively "Defendants") produce for inspection and/or copying, documents and various materials, including, but not limited to materials regarding the design, testing, manufacturing, and marketing of Riddell football helmets;

WHEREAS, Defendants contend that some of these documents, information and other materials, including materials regarding the design, testing, manufacturing, and marketing of Riddell football helmets, contain in whole or in part trade secrets and/or other confidential research, development, or commercial information, all of which is are competitively sensitive data as hereinafter defined;

WHEREAS, Defendants require that the confidentiality of the documents and/or materials, and the information contained in the documents and materials, be maintained, as well as the confidentiality of the nature and type of documents and materials and their description and identity; and

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1. At such time as Defendants deliver to Plaintiffs and/or Plaintiffs' attorneys any documents or materials by way of discovery in the above captioned actions ("Adams Cases"), or divulges any documents or materials or any information contained therein, Defendants shall designate as "confidential" any such documents, materials, or information they claim constitute or contain trade secrets or confidential research, development, or commercial information ("Confidential Materials"). Defendants shall indicate as such by printing the words

"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on any purported Confidential Materials.

2. Plaintiffs shall not give, show or otherwise directly or indirectly disclose any such Confidential Materials produced by Defendants, or the substance thereof, or the nature or type thereof, or any copies, prints, negatives or summaries thereof, and will not disclose the nature or type thereof, to any entity or person except as provided under paragraph 3 of this Stipulated Confidentiality Order and only in connection with and solely for the Adams Cases. Plaintiffs and their counsel shall take reasonable steps necessary to see that no person shall use, disclose or record Confidential Materials protected by this Stipulated Confidentiality Order for any purpose other than those permitted by this Stipulated Confidentiality Order.

3. All Confidential Materials produced by Defendants shall not be used for any business, commercial or competitive purposes, and may be disclosed only to the following individuals or entities, and shall not be revealed, discussed or disclosed in any manner or in any form, to any person, entity or judicial tribunal other than:

(a) Any Plaintiff in the Adams Cases;

(b) The Court in the Adams Cases and appropriate court personnel;

(c) Litigation support personnel actively involved in the Adams Cases, including authorized court reporters, court videographers, and copy vendors retained for the Adams Cases;

(d) Counsel with the law firms representing Plaintiffs;

(e) An employee of counsel with the law firms representing Plaintiffs to whom it is reasonably necessary that the Confidential Material covered by this Stipulated

Confidentiality Order be shown for purposes of the Adams Cases including paralegal, secretarial, or clerical staff of such law firms;

(f) Experts, consultants, and professional advisors (and persons employed by such persons) who are retained by Plaintiffs to assist in the prosecution of the Adams Cases, but only to the extent reasonably necessary for such person to perform their assigned tasks in connection with the Adams Cases, subject to the restrictions in Paragraph 5;

(g) Private arbitrators and mediators involved in resolving disputes over claims in these actions;

(h) Any witness testifying in deposition or at trial in the Adams Cases, but only to the extent reasonably necessary for such person to give deposition or live testimony in connection with the Adams Cases; and

(i) Any other person by written consent of the producing party, or upon order of the Court.

4. All persons who receive Confidential Materials covered by this Stipulated Confidentiality Order and/or material or information accorded the status of confidentiality in the Adams Cases shall maintain the confidentiality of such material and information in accordance with the terms of this Stipulated Confidentiality Order.

5. Any and all experts or consultants who have access to Confidential Materials subject to this Stipulated Confidentiality Order pursuant to Paragraph 3(f) above, or to the substance hereof, or to any copies, prints, negatives or summaries thereof, shall be presented with a copy of this Stipulated Confidentiality Order. Those experts and consultants shall not give, show, or otherwise, directly or indirectly, disclose any of the Confidential Materials subject to this Stipulated Confidentiality Order, or the substance thereof, or the nature or type thereof, or any

copies, prints, negatives, or summaries thereof, to any entity or person, except as may be necessary in preparing to render, or rendering, testimony, expert advice, opinions, or assistance in the Adams Cases only, and shall sign and date a written agreement to be bound by the terms of this Stipulated Confidentiality Order, which agreement shall be identical to that set forth in **Exhibit A** of this Stipulated Confidentiality Order.

6. The original and copies of the signed **Exhibit A** agreement(s) referenced in Paragraph 5 above, shall be maintained in the possession, custody and control of counsel for the Plaintiffs. Signed copies of **Exhibit A** shall be provided to counsel for Defendants upon written request for good cause shown.

7. At the conclusion of the work of such experts, consultants, or professional advisers as described in Paragraph 3(f) above in all the Adams Cases, all Confidential Materials and all copies, prints, negatives, and summaries thereof covered by this Stipulated Confidentiality Order shall be returned to attorneys for Plaintiffs or destroyed. At the time of such redelivery or destruction, an Affidavit in the form of **Exhibit B** attached thereto shall be executed by such experts, consultants, or professional advisers who have had access to the Confidential Materials, stating that they have complied with the provisions of this Stipulated Confidentiality Order. Such Affidavit shall be returned to the attorneys for Plaintiffs. Upon completion of all trials and all appeals in the Adams Cases and the satisfaction of all judgments, or upon the conclusion of all settlements or other resolution of all the Adams Cases, attorneys for Plaintiffs shall return or destroy all Confidential Materials produced under the terms of this Stipulated Confidentiality Order to the attorneys for Defendants. Plaintiffs' attorneys shall further provide to Defendants' attorneys at such time of re-delivery or destruction an Affidavit in the form of **Exhibit B** attached hereto representing compliance, as outlined herein, with the terms of this Stipulated

Confidentiality Order and all Affidavits received by Plaintiffs' counsel pursuant to this paragraph.

8. Confidential Materials, as those terms are used herein, mean any document, transcript, or item that has confidential and proprietary information about the Defendants' business, products, practices, or procedures that is entitled to protection under the Federal Rules of Civil Procedure. Documents or materials that concern, reflect, embody or constitute the foregoing any include, but shall not be limited to, correspondence, memoranda, notes, plans, specifications, blueprints, drawings, test reports, test procedures, test manuals, photographs, motion pictures, claims, videotapes, graphs, charts, financial and budget information and any testimony regarding such materials.

9. Consistent with Paragraph 1, Confidential Materials shall be so designated by prominent markings placed on each document or item at or before the time the document or item is divulged or produced for inspection. If the Plaintiffs and any other person identified in Paragraph 3 (c), (d), (e), (f), (g), and (h) above require more than one copy of any confidential document or item produced pursuant to this Stipulated Confidentiality Order, they must ensure that each copy is made with the original marking designating the confidentiality of the document and/or item and the information contained therein. Plaintiffs and any other person identified in Paragraph 3 (c), (d), (e) and (f) above shall endeavor to limit the number of copies of Confidential Material to that which is necessary to adequately prepare Plaintiffs' cases and shall endeavor to ensure that copies made from Confidential Materials covered by the Stipulated Confidentiality Order are returned to counsel for Plaintiffs or destroyed, and that unnecessary copies of Confidential Materials are destroyed. Any and all copies of Confidential Materials shall be treated in accordance with the terms of this Stipulated Confidentiality Order.

10. If Plaintiffs claim that information designated confidential by Defendants has been

in the possession of Plaintiffs or has been in the possession of the public prior to disclosure of such information in discovery in these actions Plaintiffs shall have the burden of proving such earlier possession or such public knowledge of such information.

11. If Plaintiffs contests the confidential designation of any item produced pursuant to this Stipulated Confidentiality Order, counsel for Plaintiffs and Defendants are required by this Stipulated Confidentiality Order to consult in an attempt to come to an agreement as to the materials that should be covered by this Stipulated Confidentiality Order. With respect to materials that counsel for Plaintiffs and Defendants counsel cannot agree are entitled to continued protection under this Stipulated Confidentiality Order, Defendants will have the burden of establishing the proprietary and confidential nature of those materials pursuant to Federal Rules of Civil Procedure, Rule 26(c)(1)(G). Defendants shall have 21 days to prepare this motion, unless the Parties agree otherwise or Defendants move for a reasonable extension of time from the Court within 21 days and are so granted one. The contested materials will remain under the terms of this Stipulated Confidentiality Order until such time as there is a ruling on the motion by Defendants. If the Court denies Defendant's motion for protection and Defendants state that they will seek a writ from that ruling, and does, in fact, seek a writ under the time allowed under the Federal Rules of Civil Procedure or other applicable law, then the materials shall remain protected until the Court of Appeals rules on the writ from the order denying confidentiality.

12. This Stipulated Confidentiality Order applies solely to the Adams Cases.

13. The parties do not waive any rights they may possess to compel further discovery responses or to object to any further discovery requests made by either party.

14. Nothing in this Stipulated Confidentiality Order shall govern the admissibility of any Confidential Materials produced under this Stipulated Confidentiality Order at trials in the

Adams Cases.

15. Any Confidential Materials attached as an exhibit to any deposition taken in the Adams Cases, and any deposition testimony containing information from Confidential Materials, and any papers filed with the Court in the Adams Cases, which include or summarize any deposition transcripts, testimony, or exhibits containing regarding Confidential Materials, as described herein, shall be protected from disclosure under the terms of this Stipulated Confidentiality Order. The Parties may use Confidential Materials freely during depositions as they see fit, so long as they otherwise comply with the terms of this Stipulated Confidentiality Order. However, the use of such Confidential Materials or the information from Confidential Materials during depositions in these actions does not waive the terms of this Stipulated Confidentiality Order.

16. Any Confidential Materials produced during discovery and/or offered and/or admitted into evidence during pre-trial or post-trial proceedings, and any testimony relating to such Confidential Materials, and any papers filed with the Court in these actions in connection with pre-trial or post-trial proceedings, which attach, include, or summarize any information from Confidential Materials, shall be provisionally filed under seal and protected from disclosure by this Stipulated Confidentiality Order. Such production and/or offerings and/or admissions into evidence do not waive the terms of this Stipulated Confidentiality Order.

17. Plaintiffs shall provide fourteen (14) days' notice prior to any filing deadline that a Plaintiff intends to file—in reference to said filing deadline—Confidential Materials provisionally under seal, and the Confidential Materials to be filed must be identified to Defendants at such time notice is given. This period may be shortened by the Parties' agreement or for good cause shown.

18. Defendants will bear the burden of filing a motion to keep Confidential Materials

under seal which sets forth reasons, and demonstrates good cause, for sealing a portion of the record in this case. Defendants' motion must be noticed for hearing prior to the due date of the particular filing at issue. Plaintiffs retain the right to oppose the sealing of any given filing, but may also file a supportive brief alongside Defendants or otherwise indicate that they do not opposing maintaining such documents under seal.

19. To the extent not otherwise provided herein, this Stipulated Confidentiality Order adopts all other requirements of the Court's standing order on protective orders and filing documents under seal.

20. The parties contemplate that the procedures for the treatment and use of Confidential Materials produced under this Stipulated Confidentiality Order at any trial(s) in the Adams Cases will be addressed in separate orders, if necessary. By entering this stipulation, no party waives its right to assert that Confidential Materials produced under this Stipulated Confidentiality Order should or should not receive special protection at trials in the Adams Cases.

21. The failure to designate information or materials in accordance with this Stipulated Confidentiality Order at a given time does not preclude Defendants from seeking to impose such designation. If the Defendants discover that they inadvertently produced materials containing confidential information without marking them in accordance with this Stipulated Confidentiality Order, they may provide written notice to Plaintiffs that such materials should be treated as Confidential Materials in accordance with this Stipulated Confidentiality Order. Upon receipt of such notice, Plaintiffs must treat the materials as Confidential Materials, and upon receipt of materials properly marked as "confidential," must return the unmarked materials and must reasonably ensure that others to whom the unmarked materials were disclosed have not retained copies.

22. Nothing contained in this Stipulated Confidentiality Order shall prevent Defendants from using their own Confidential Materials produced pursuant to this Stipulated Confidentiality Order in any way that they see fit, or from revealing their own Confidential Materials to whomever they choose.

23. The terms of this Stipulated Confidentiality Order shall remain fully active until released by written consent of Defendants. The Court shall retain jurisdiction over the parties, this Stipulated Confidentiality Order, and recipients of Confidential Materials covered by this Stipulated Confidentiality Order, for the sole purpose of enforcing this Stipulated Confidentiality Order and adjudicating claims of breaches thereof and administering damages and other remedies related thereto. The provisions of this Stipulated Confidentiality Order shall continue to be binding as to the Confidential Materials covered by this Stipulated Confidentiality Order.

So Ordered.

Dated: 12/12/2019

MATTHEW F. KENNELLY
United States District Judge

IT IS SO STIPULATED:

DATED: December 3, 2019

CIRCELLI WALTER &YOUNG, PLLC

*/s/ Vincent P. Circelli*
George Parker Young
Vincent P. Circelli
Kelli Walter
500 E. 4th Street, Suite 250
Fort Worth, Texas 76102
gpy@cwylaw.com
vinny@cwylaw.com
kelli@cwylaw.com
Attorneys for Plaintiffs

DATED: December 4, 2019

EDELSON PC

*/s/ Daniel J. Schneider*
Jay Edelson
Benjamin H. Richman
Daniel J. Schneider
350 North LaSalle Street, 14 Floor
Chicago, Illinois 60654
jedelson@edelson.com
brichman@edelson.com
dschneider@edelson.com

Rafey S. Balabanian
123 Townsend Street, Suite 100
San Francisco, California 94107
rbalabanian@edelson.com
Attorneys for Plaintiffs

DATED: December 3, 2019

BOWMAN AND BROOKE LLP

*Thomas C. Howard*
Paul G. Cereghini
Thomas C. Howard
2901 N. Central Avenue, Suite 1600
Phoenix, AZ 85012
Paul.cereghini@bowmanandbrooke.com
Thomas.Howard@bowmanandbrooke.com

Robert L. Wise
Eden M. Darrell
901 East Byrd Street, Suite 1650
Richmond, VA 23219
rob.wise@bowmanandbrooke.com
eden.darrell@bowmanandbrooke.com
Attorneys for Defendants

DATED: December 3, 2019

DONOHUE BROWN MATHEWSON & SMYTH LLC

*/s/ Mark H. Boyle*
Mark H. Boyle
I.D. #32878
140 South Dearborn Street, Suite 800
Chicago, Illinois 60603
Email: service@dbmslaw.com
Mark.boyle@dbmslaw.com
Attorneys for Defendant

**EXHIBIT A TO CONFIDENTIALITY ORDER**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK ADAMS, et al.<br><br>*Plaintiffs*,<br><br>vs.<br><br>BRG SPORTS, INC, et al.<br><br>*Defendants*. | Case No. 1:17-CV-08544-MFK |
| FREDDIE ADAMS, et al.<br><br>*Plaintiffs*,<br><br>vs.<br><br>BRG SPORTS, INC, et al.<br><br>*Defendants*. | Case No. 1:17-CV-08972-MFK |
| QUINCY BAKER, et al.<br><br>*Plaintiffs*,<br><br>vs.<br><br>BRG SPORTS, INC, et al.<br><br>*Defendants*. | Case No. 1:18-CV-00129-MFK |

| JEFFREY JONES, et al.<br><br>*Plaintiffs*,<br><br>vs.<br><br>BRG SPORTS, INC,<br><br>*Defendant*. | Case No. 1:18-CV-07250-MFK |
|---|---|

I, ______________________________________________, certify that I have read the Stipulated Confidentiality Order dated ____________, entered in the above-captioned actions and further certify that I fully understand the procedural and substantive requirements of that Stipulated Confidentiality Order, a copy of which is attached hereto. Before reviewing or receiving access to any document, material, information and/or discovery subject to the protection of that Stipulated Confidentiality Order and as a condition for such review and/or access, I understand and agree that I am personally bound by and subject to all of the terms and provisions of the Stipulated Confidentiality Order. I subject myself to the personal jurisdiction and venue of said Court for purposes of enforcement of the Stipulated Confidentiality Order.

________________________________
(signature)

________________________________
(print name)

**EXHIBIT B TO CONFIDENTIALITY ORDER**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
**EASTERN DIVISION**

| | |
|---|---|
| MARK ADAMS, et al.<br><br>*Plaintiffs*,<br><br>vs.<br><br>BRG SPORTS, INC, et al.<br><br>*Defendants*. | Case No. 1:17-CV-08544-MFK |
| FREDDIE ADAMS, et al.<br><br>*Plaintiffs*,<br><br>vs.<br><br>BRG SPORTS, INC, et al.<br><br>*Defendants*. | Case No. 1:17-CV-08972-MFK |
| QUINCY BAKER, et al.<br><br>*Plaintiffs*,<br><br>vs.<br><br>BRG SPORTS, INC, et al.<br><br>*Defendants*. | Case No. 1:18-CV-00129-MFK |

| JEFFREY JONES, et al.<br><br>*Plaintiffs*,<br><br>vs.<br><br>BRG SPORTS, INC,<br><br>*Defendant*. | Case No. 1:18-CV-07250-MFK |
|---|---|

**AFFIDAVIT RE: DOCUMENTS PROVIDED PURSUANT TO STIPULATION AND CONFIDENTIALITY ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS AND MATERIALS**

STATE OF ____________________)

County of _____________________)

_________________________________________, being first duly sworn, upon his or her oath, deposes and says:

1. I have been provided copies of, or access to, confidential documents, materials, and information that are subject to a Stipulation and Confidentiality Order Re: Confidentiality of Documents and Materials ("Stipulated Confidentiality Order") in the above-captioned actions (" Adams Cases")(hereinafter "Confidential Materials").

2. I have read and complied with all of the provisions of the Stipulated Confidentiality Order entered in these actions regarding the Confidential Materials.

3. In formulating my opinions or in preparing for and/or assisting in the Adams Cases, I have provided the following individuals copies of, or access to, the Confidential Materials at the address stated: _______________________________________________________________

_______________________________________________________________________________

_______________________________________________________________________________

______________________________________________________________________

____________________________________________________

4. The individuals listed in Paragraph 3 are the only individuals to whom I provided copies of, or access to, the Confidential Materials.

5. Before providing copies of, or access to, the Confidential Materials to the individuals listed in Paragraph 3, I required that said individuals read a copy of the Stipulated Confidentiality Order in these actions.

6. The individuals listed in Paragraph 3 have executed Affidavits stating that they have complied with the terms of the Stipulated Confidentiality Order and have returned all copies of Confidential Materials and a copy of each such Affidavit is attached hereto.

7. I have made no copies of the Confidential Materials provided pursuant to the Stipulated Confidentiality Order, other than those that have been returned to Plaintiffs' counsel.

8. With the Affidavit, I have returned all copies of Confidential Materials provided to me in the Adams Cases pursuant to the Stipulated Confidentiality Order and have returned all Affidavits of those individuals to whom I provided copies of, or access to, the Confidential Materials.

9. After submitting this Affidavit and the attached Affidavit(s) Re: Confidential Materials and all copies of Confidential Materials to Plaintiffs' counsel, pursuant to the requirements set forth in the Stipulated Confidentiality Order, I will not have any copies of the Confidential Materials.

10. I have otherwise complied with all of the terms of the Stipulated Confidentiality Order covering Confidential Materials produced in the Adams Cases.

SUBSCRIBED AND SWORN to before me this _____ day of ______________, 20__.

_________________________________
NOTARY PUBLIC

My Commission Expires:

_____________________________